THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT A. McMURL, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICKY L. TREADWAY, Defendant-Appellant.

Fourth District    Nos. 4—88—0334, 4—88—0335 cons.

Opinion filed February 23, 1989.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellant.

No brief filed for the People.

JUSTICE KNECHT delivered the opinion of the court:

The defendants, Robert A. McMurl and Ricky L. Treadway, were charged by information in Cass County with one count of burglary (Ill. Rev. Stat. 1987, ch. 38, par. 19—1(a)) and two counts of felony theft (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(a)(1)). Pursuant to a plea agreement, the State dismissed the burglary count and the defendants pleaded guilty to the felony theft counts. The Cass County circuit court sentenced the defendants to 18 months' probation. As a condition of the probation, the circuit court ordered the defendants to serve 120 days in the county jail. The circuit court specifically ordered that the defendants were to receive credit for time served, but not for good behavior. The defendants now appeal the denial of credit for good behavior. The cases were consolidated because the same issue is presented.

■ The State did not file a brief on appeal. Accordingly, the standard of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, applies. Under this standard, the appellate court will decide the merits of an appeal where the record is simple and the issues are easy to resolve.

■ The credit of time for the good behavior of individuals sentenced to county jails is set forth in the County Jail Good Behavior Allowance Act (Act) (Ill. Rev. Stat. 1987, ch. 75, par. 32). The Act provides in pertinent part:

"The good behavior of any person who commences a sentence of confinement in a county jail for a fixed term of imprisonment after January 1, 1987 shall entitle such person beginning on the date of sentence to a good behavior allowance ***. The good behavior allowance provided for in this Section shall not apply to individuals sentenced for a felony to probation *** where a condition of such probation *** is that the individual serve a sentence of periodic imprisonment ***." Ill. Rev. Stat. 1987, ch. 75, par. 32.

The Act excludes credit for good behavior when a defendant is sentenced for a felony to probation, and as a condition of that probation, the defendant is ordered to serve a sentence of periodic imprisonment. Periodic imprisonment is not the equivalent of a fixed sentence of confinement.

■ Periodic imprisonment is defined in the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—7—1). The Code provides in pertinent part:

"A sentence of periodic imprisonment is a sentence of imprisonment during which the committed person may be released for periods of time during the day or night or for periods of days, or both, or if convicted of a felony *** committed to any county, municipal, or regional correctional or detention institution or facility in this State for such periods of time as the court may direct." Ill. Rev. Stat. 1987, ch. 38, par. 1005—7—1(a).

The circuit court ordered the defendants to serve 120 days in the county jail. As such, the order structured the sentence of imprisonment in terms of one continuous period of time. Given the structure, the sentence of imprisonment does not come within the definition of periodic imprisonment.

The appellate court has previously addressed the credit of time for good behavior under the Act. In *In re N.R.* (1988), 172 Ill. App. 3d 14, 525 N.E.2d 1193, a contemnor appealed a sentencing order that denied the credit of time for good behavior. The appellate court held the circuit court had no authority to deny the credit of time for good behavior. The appellate court stated:

"It is clear in enacting this Act, the legislature mandated that all persons sentenced to a county jail receive a good-time allowance, subject only to being revoked by the warden as permitted by statute. The courts have no authority to interfere with the allowance, and the court's attempt *** to do so is impermissible." *N.R.*, 172 Ill. App. 3d at 16, 525 N.E.2d at 1194.

■ The determination and imposition of the sentence is a matter of discretion for the circuit court. Absent an abuse of discretion, the sentence imposed by the circuit court will not be altered on review. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

■ In this case, the circuit court abused its discretion in the sentencing order. The circuit court erroneously applied the credit exclusion of the Act to deny the defendants the credit of time for good behavior. The exclusion provided in the Act does not apply to the sentence here.

This cause is remanded to allow the circuit court to amend the sentencing order and give the defendants the good behavior allowance to which they are entitled.

Sentence vacated and remanded with directions.

GREEN and SPITZ, JJ., concur.