NOTICE
Decision filed 04/10/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230947-U

NO. 5-23-0947

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Coles County. |
| | ) | |
| v. | ) | No. 16-CF-364 |
| | ) | |
| DEREK LUCKEY, | ) | Honorable |
| | ) | Brien J. O'Brien, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and Cates concurred in the judgment.

**ORDER**

¶ 1 *Held*: The circuit court did not err when it denied the defendant's motion for order *nunc pro tunc*, in which the defendant sought good-behavior credit against his prison sentence, where the defendant sought the credit under a statute that was inapplicable to the defendant in this case, and because any contrary argument on appeal would be meritless, the defendant's appointed appellate attorney is granted leave to withdraw and the circuit court's judgment is affirmed.

¶ 2 The defendant, Derek Luckey, pleaded guilty to two felony offenses and was sentenced to imprisonment. Years later, he filed a motion for order *nunc pro tunc*, wherein he sought sentence credit for 91 days of "good behavior" in jail prior to sentencing. The circuit court denied the motion, and the defendant now appeals. The defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal does not present an issue of arguable merit, and on that basis, it has filed with this court a motion to withdraw as counsel

1

(*Pennsylvania v. Finley*, 481 U.S. 551 (1987); *People v. McKenney*, 255 Ill. App. 3d 644 (1994)), along with a memorandum of law in support of the motion. OSAD gave proper notice to the defendant. This court gave him an opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel, or why this appeal has merit, but he has not taken advantage of that opportunity. This court has examined OSAD's *Finley* motion and the accompanying memorandum of law, as well as the entire record on appeal, and has concluded that this appeal does indeed lack merit. Accordingly, OSAD must be granted leave to withdraw as counsel, and the judgment of the circuit court must be affirmed.

¶ 3                                    BACKGROUND

¶ 4    In September 2016, the defendant was charged with child abduction (720 ILCS 5/10-5(b)(10) (West 2016)) and attempted aggravated kidnapping (720 ILCS 5/8-4(a), 10-2(a)(2) (West 2016)). It was alleged that he had attempted to lure a 12-year-old boy into his car for carnal activity. The public defender was appointed to represent the defendant.

¶ 5    On December 19, 2016, the defendant, his public defender, and an assistant state's attorney appeared before the circuit court and announced a fully negotiated plea agreement. Pursuant to the terms of that agreement, the defendant pleaded guilty to both counts, and the court sentenced him to 10 years in the Illinois Department of Corrections on each count, with the sentences to run concurrently, and with credit against his sentence of 91 days for time served in jail, plus mandatory supervised release for 2 years and the payment of fees and assessments.

¶ 6    The mittimus reflected the agreed-upon concurrent prison sentences of 10 years. It also reflected the agreed-upon sentence credit of 91 days.

¶ 7    The defendant did not move to withdraw his pleas. There was no appeal from the judgment of conviction.

¶ 8    In August 2023, the defendant filed a *pro se* "motion for order *nunc pro tunc*." He claimed that he had not received sentence credit for 91 days of "good behavior" while in the county jail prior to sentencing, and that he was entitled to such credit under "730 ILCS 130/3 (Allowance Rate)." He asked the court to award him 91 days of credit for "good behavior" in addition to the 91 days of credit previously awarded for time served, for a total sentence credit of 182 days.

¶ 9    On September 26, 2023, the circuit court denied the defendant's motion. In a docket-entry order, the court found that the defendant "was properly given credit for the 91 days he actually served in custody prior to his guilty plea" and that, "[i]n addition, *** the 91 days credit awarded to the Defendant was a material part of his plea agreement."

¶ 10    The defendant timely filed a notice of appeal from the denial order.

¶ 11                                    ANALYSIS

¶ 12    This appeal is from an order of the circuit court that denied the defendant's motion for an order *nunc pro tunc*, wherein he sought 91 days of "good behavior" credit against his prison sentences. As previously noted, OSAD has filed a *Finley* motion to withdraw as counsel. OSAD argues that this appeal has no merit because the defendant, contrary to the substance of his motion, was not entitled to "good behavior" credit under section 3 of the County Jail Good Behavior Allowance Act (Act) (730 ILCS 130/3 (West 2022)). This court agrees with OSAD.

¶ 13    Before reaching OSAD's argument, this court must comment on the nature of the defendant's motion, a motion for a *nunc pro tunc* order. If there is proper evidence—such as a note, a memorandum, or a paper remaining in the record—that a clerical error, such as an inadvertent omission, was made in the judgment entered by the circuit court, the court may, at any time, use a *nunc pro tunc* order to correct that mistake. *Peraino v. County of Winnebago*, 2018 IL App (2d) 170368, ¶ 16. In the instant case, the defendant did not seek to correct a clerical error or

3

omission in the court's judgment. Rather, he sought additional sentence credit that the court, in fact, did not award. Therefore, his motion for an order *nunc pro tunc* was properly denied. See also *People v. Melchor*, 226 Ill. 2d 24, 32 (2007) (a *nunc pro tunc* order may not be used for "supplying omitted judicial action").

¶ 14 This court agrees with OSAD regarding the substance of the defendant's motion. The defendant stated in his motion that he was entitled to 91 days of "good behavior" credit under section 3 of the Act. Section 3 requires that a "good behavior allowance" be granted to "any person who commences a sentence of confinement in a county jail for a fixed term of imprisonment after January 1, 1987," with a few exceptions not pertinent to this discussion. 730 ILCS 130/3 (West 2022). The defendant did not commence a sentence of confinement in a county jail for a fixed term; he commenced a determinate sentence in the Illinois Department of Corrections. Therefore, the plain language of section 3 makes clear that the statute simply does not apply to the defendant. See *People v. Lloyd*, 2013 IL 113510, ¶ 25 (a court's primary objective in construing a statute is to give effect to the legislature's intent, and the best indicator of intent is the statutory language itself, given its plain meaning). The court did not err in denying the defendant's motion.

¶ 15                                    CONCLUSION

¶ 16 There is no merit to any argument that the circuit court erred in denying the defendant's motion for an order *nunc pro tunc*. Accordingly, OSAD is granted leave to withdraw as counsel on appeal, and the judgment of the circuit court is affirmed.

¶ 17 Motion granted; judgment affirmed.