NOTICE

Decision filed 09/18/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230690-U

NO. 5-23-0690

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 21-CF-1528 |
| | ) | |
| MATTHEW L. RICE, | ) | Honorable |
| | ) | Thomas E. Griffith Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Barberis and Boie concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court properly denied defendant's motion for a *nunc pro tunc* order granting him additional sentence credit where it cited a clearly inapplicable statute and any argument to the contrary would be frivolous; defendant may not raise new issues in response to counsel's motion to withdraw. Accordingly, we grant appellate counsel leave to withdraw and affirm the circuit court's judgment.

¶ 2   Defendant, Matthew L. Rice, appeals the circuit court's order denying his motion for an order *nunc pro tunc*. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the court erred in doing so. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has notified defendant of its motion, and this court has provided him with ample opportunity to respond, and he has done so. However, after considering the record on appeal, OSAD's motion and supporting brief, and

1

defendant's response, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4      An information charged defendant with being an armed habitual criminal (AHC), unlawful possession of weapons by a felon, and unlawful possession of a defaced firearm. The AHC count alleged that defendant knowingly possessed a firearm after having been convicted of possession of cannabis with intent to deliver and aggravated unlawful use of a weapon. Defendant pleaded guilty to AHC in exchange for a 12-year sentence cap and the State's agreement to dismiss the remaining charges.

¶ 5      Following a hearing, the court sentenced defendant to seven years' imprisonment. The sentencing order granted him credit for time spent in jail prior to sentencing from December 7, 2021, through May 23, 2022. Defendant did not move to withdraw the plea or pursue a direct appeal. Instead, on July 20, 2023, he filed a motion for an order *nunc pro tunc*, in which he claimed that he was entitled to additional presentence credit pursuant to section 3 of the County Jail Good Behavior Allowance Act (Act) (730 ILCS 130/3 (West 2022)). The court denied the motion and defendant filed a notice of appeal.

¶ 6                                      ANALYSIS

¶ 7      OSAD concludes that it can make no good-faith argument that the circuit court erred by denying defendant relief. OSAD first observes that it is debatable whether defendant's motion— filed more than a year after he was sentenced—invoked the court's jurisdiction. To the extent it did so, the court was clearly correct in denying relief.

¶ 8      Generally, a trial court loses jurisdiction to hear a cause 30 days after the final judgment. *People v. Bailey*, 2014 IL 115459, ¶ 8. Exceptions exist, however, one of which is an order

2

*nunc pro tunc*. The circuit court retains jurisdiction to correct clerical errors at any time after judgment, "so as to make the record conform to the actual judgment entered by the court." *People v. Griffin*, 2017 IL App (1st) 143800, ¶ 12. But such an order may not be used to change the court's previous decision. *People v. Coleman*, 2017 IL App (4th) 160770, ¶ 22. It is clear that defendant's motion was not seeking to conform the sentencing order to the court's actual judgment, but to alter that judgment to provide more presentencing credit than the sentencing order gave him.

¶ 9    OSAD further observes that Illinois Supreme Court Rule 472 provides that "[i]n criminal cases, the circuit court retains jurisdiction to correct" certain "sentencing errors at any time" including "[e]rrors in the calculation of presentence custody credit." Ill. S. Ct. R. 472(a)(3) (eff. Mar. 1, 2019). It notes that, although not specifically invoking that rule, defendant's motion could arguably be considered as a Rule 472 motion. It notes, however, that the motion does not allege an error "in the calculation of presentence custody credit," but rather seeks additional credit on the basis of an entirely separate provision.

¶ 10    OSAD concludes that the jurisdictional issue is ultimately of little consequence because defendant is not entitled to the relief sought in any event. It notes that section 3 of the Act, by its plain terms, does not apply here.

¶ 11    The statute in question provides as follows:

> "The good behavior of any person who commences a sentence of confinement in a county jail for a fixed term of imprisonment after January 1, 1987[,] shall entitle such person to a good behavior allowance ***." 730 ILCS 130/3 (West 2022).

See *People v. Kolzow*, 319 Ill. App. 3d 673, 676 (2001).

¶ 12    Thus, by its plain terms, the statute applies only to a defendant who is sentenced to a fixed term in the county jail, not to one who, like defendant here, was in jail awaiting trial. As we recently held in rejecting a nearly identical argument:

> "The defendant did not commence a sentence of confinement in a county jail for a fixed term; he commenced a determinate sentence in the Illinois Department of Corrections. Therefore, the plain language of section 3 makes clear that the statute simply does not apply to the defendant." *People v. Luckey*, 2024 IL App (5th) 230947-U, ¶ 14 (citing *People v. Lloyd*, 2013 IL 113510, ¶ 25 (court's primary objective in construing a statute is to give effect to the legislature's intent, and the best indicator of intent is the statutory language itself, given its plain meaning)).

Thus, the circuit court properly denied defendant's motion.

¶ 13    In his response, defendant does not contend that the circuit court erred in denying his motion for a *nunc pro tunc* order. Instead, he argues, for the first time, that his conviction is void because one of the predicate offenses for the AHC conviction is unconstitutional.

¶ 14    Implicitly acknowledging the unusual procedural posture of his contention, he contends that there is "no fixed procedural mechanism" for asserting a voidness challenge. This is true as far as it goes, but it does not mean that a party can assert a voidness challenge whenever and wherever he chooses.

¶ 15    In *People v. Flowers*, 208 Ill. 2d 291, 308 (2003), the supreme court explained that

> "[a]lthough a void order may be attacked at any time, the issue of voidness must be raised in the context of a proceeding that is properly pending in the courts. If a court lacks jurisdiction, it cannot confer any relief, even from prior judgments that are void. The reason

4

is obvious. Absent jurisdiction, an order directed at the void judgment would itself be void and of no effect."

"Consistent with these principles, the appellate court is not vested with authority to consider the merits of a case merely because the dispute involves an order or judgment that is, or is alleged to be, void." *Id.*

¶ 16    As noted, defendant's motion invoked the circuit court's jurisdiction, if at all, for the very limited purpose of adjusting the amount of presentence credit he would receive. There is simply no proceeding "properly pending in the courts" contending that the conviction is void. Thus, we disregard defendant's attempt to inject new issues into the case.

¶ 17                                    CONCLUSION

¶ 18    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 19    Motion granted; judgment affirmed.