NOTICE
Decision filed 01/14/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240877-U

NOS. 5-24-0877, 5-24-0878, 5-24-0879 cons.

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | Nos. 22-CF-780, 22-CF-773, |
| | ) | 22-CF-1174 |
| JACOB HOUSTON, | ) | |
| | ) | Honorable John J. O'Gara, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Justices Boie and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in denying the defendant's motion for an order *nunc pro tunc* requesting additional sentencing credit pursuant to section 3 of the County Jail Good Behavior Allowance Act (730 ILCS 130/3 (West 2022)). The defendant did not commence his sentence in a county jail, as required under the Act. Additionally, the record shows that the mittimus correctly reflects sentencing credit for the time that the defendant spent in custody prior to sentencing. As any arguments to the contrary would lack merit, we grant the defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant Jacob Houston pled guilty to possession of methamphetamine, delivery of methamphetamine, and possession of a controlled substance, as charged across three separate cases in the circuit court of St. Clair County. He was sentenced to six-year terms of imprisonment for each charge, to run concurrently. He appeals from the denial of his motion for an order *nunc pro tunc*, in which he requested additional custody credit pursuant to section 3 of the County

1

Jail Good Behavior Allowance Act (Act) (730 ILCS 130/3 (West 2022)). Houston's appointed attorney in this appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks substantial merit. On that basis, OSAD has filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a memorandum of law in support of that motion.

¶ 3    OSAD gave proper notice to the defendant. OSAD gave proper notice to Houston and this court gave him an opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel, or why this appeal has merit, but he has not done so. This court has examined OSAD's *Finley* motion and the accompanying memorandum of law, as well as the entire record on appeal, and has concluded that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 4                               BACKGROUND

¶ 5    On May 19, 2022, Houston was charged with possession of between 5 and 15 grams of methamphetamine, a Class 2 felony, in St. Clair County case No. 22-CF-773. On May 20, 2022, he was charged with delivery of methamphetamine, a Class 2 felony, in St. Clair County case No. 22-CF-780. On August 2, 2022, in St. Clair County case No. 22-CF-1174, he was charged with possession of a controlled substance, clonazepam, a Class 4 felony.

¶ 6    On February 23, 2023, Houston entered a negotiated global guilty plea to all three offenses in exchange for concurrent six-year terms in the Illinois Department of Corrections (IDOC) on each of the charges, as well as dismissal of charges in two other cases. The agreement also included Houston's admissions to allegations in petitions to revoke probation in two other cases in exchange for unsatisfactory termination of the probation periods. The State offered its factual basis, which

2

the circuit court accepted. The court informed Houston that he would be given pretrial credit in all three cases from May 18, 2022, the date on which he was taken into custody.

¶ 7     The court accepted the plea and sentenced Houston accordingly. The judgment orders reflect the credit award as stated in open court, from May 18, 2022, to February 23, 2023. No postplea motion or notice of appeal was filed.

¶ 8     On July 1, 2024, Houston filed a *pro se* motion for an order *nunc pro tunc*, captioning all three cases, in which he requested additional custody credit pursuant to section 3 of the Act. On July 2, 2024, the circuit court issued an order, also captioning all three cases, denying Houston's motion. Houston filed a timely notice of appeal from the court's order, again captioning all three cases. OSAD was appointed to represent him, and we allowed for the cases to be consolidated on appeal. OSAD now moves to withdraw as appellate counsel.

¶ 9                                    ANALYSIS

¶ 10    OSAD argues that dismissal of Houston's motion was proper, and there are no meritorious arguments to the contrary. In the memorandum supporting its *Finley* motion to withdraw as counsel, OSAD states that it considered raising the following issues on Houston's behalf:

    (1) whether section 3 of the Act applies to Houston's sentence; and

    (2) whether Houston received the appropriate amount of sentencing credit.

However, OSAD concludes that these challenges to the circuit court's ruling lack arguable merit. As we agree with counsel's assessment that there is no meritorious basis for this appeal, we grant OSAD leave to withdraw.

¶ 11    As an initial point, OSAD argues that a motion for an order *nunc pro tunc* is not the correct vehicle for requesting additional sentence credit, as Houston is not seeking to correct a clerical error in the court's order. See *O'Gara v. O'Gara*, 2022 IL App (1st) 210013, ¶ 38 (purpose of

3

*nunc pro tunc* order is to correct clerical errors in written orders). Furthermore, we note that Illinois Supreme Court Rule 472 allows for the court to retain jurisdiction over a criminal case where it would have otherwise lost it, for the purpose of correcting certain errors, including errors in the calculation of presentence custody credit. Ill. S. Ct. R. 472(a)(3) (eff. Feb. 1, 2024).

¶ 12    Houston did not invoke Rule 472's jurisdictional exception in his motion, instead asking the court to correct a clerical error *nunc pro tunc*. However, our supreme court has allowed for a defendant's motion for an order *nunc pro tunc* to go forward in a similar situation, where the defendant sought additional sentence credit without invoking Rule 472. *People v. Wells*, 2024 IL 129402, ¶ 16. The court in *Wells* found that, despite the defendant filing his motion as a request for a *nunc pro tunc* order, the substance of his motion was "consistent with the remedy available in Rule 472." *Id.*

¶ 13    Therefore, while we agree with OSAD that an order *nunc pro tunc* was not the appropriate remedy for Houston's request of additional custody credit, following the supreme court's reasoning in *Wells*, the substance of his motion allows us to interpret it as a motion pursuant to Rule 472. Nevertheless, as we will explain below, even if we overlook the improper form of his motion, no meritorious argument exists under the facts of this case for awarding him the requested sentence credit.

¶ 14        A. Whether Section 3 of the Act Applies to Houston's Sentence

¶ 15    In his motion for an order *nunc pro tunc*, Houston argued that the mittimus failed to include additional sentencing credit owed to him for good behavior pursuant to section 3 of the Act. The Act provides, in pertinent part, that "[t]he good behavior of any person who commences a sentence of confinement *in a county jail* for a fixed term of imprisonment after January 1, 1987 shall entitle such person to a good behavior allowance." (Emphasis added.) 730 ILCS 130/3 (West 2022).

4

¶ 16    We review questions of statutory interpretation *de novo*. *Wilkins v. Williams*, 2013 IL 114310, ¶ 13. It is well settled that the primary aim of statutory interpretation is to ascertain and give effect to the legislature's intent. *Id.* ¶ 14. The best indication of that intent is the language of the statute, given its plain and ordinary meaning. *Id.* "When the statutory language is clear and unambiguous, it must be applied without resort to other aids of construction." *Id.*; see also *Schultz v. St. Clair County*, 2022 IL 126856, ¶ 19.

¶ 17    Here, Houston was sentenced to six years' imprisonment in IDOC; he did not "commence[ ] a sentence of confinement in a county jail for a fixed term of imprisonment," as required by the Act. See *People v. McMurl*, 179 Ill. App. 3d 1006, 1007 (1989) (noting that the Act set forth the credit of time for good behavior of individuals sentenced to county jails); see also *People v. Luckey*, 2024 IL App (5th) 230947-U,[1] ¶ 14 (finding that the clear language of the Act did not apply to defendant who commenced a determinate sentence in IDOC, and not a sentence of confinement in a county jail for a fixed term). By the clear, unambiguous language of the Act, he was not eligible for sentencing credit for good behavior under the terms of this provision. We agree with OSAD that there is no meritorious argument to the contrary.

¶ 18    B. Whether Houston Received the Appropriate Amount of Sentencing Credit

¶ 19    OSAD next notes that Houston was taken into custody on May 18, 2022, as confirmed on IDOC's website.[2] The judgments entered by the circuit court in all three relevant cases indicate that Houston was given credit toward all of his sentences from May 18, 2022, to February 23, 2023, the date of sentencing. Thus, according to the record, the mittimus correctly reflects the credit he received for time served in custody prior to sentencing, and the court properly denied his

---

[1]OSAD cites to this unpublished case as persuasive authority pursuant to Ill. S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023). See *People v. Allen*, 2024 IL App (1st) 221681, ¶ 95 n.6.

[2]We may take judicial notice of IDOC's inmate search on the IDOC website. See *People v. Gipson*, 2015 IL App (1st) 122451, ¶ 66.

motion for additional sentencing credit. We find that there is no meritorious argument to the contrary.

¶ 20                                    CONCLUSION

¶ 21    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 22    Motion granted; judgment affirmed.