**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250224-U

Order filed June 4, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-25-0224 Circuit No. 23-CF-2689 |
| | ) | |
| SHAWN SMITH, | ) ) | Honorable Daniel P. Guerin, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Davenport and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: (1) The circuit court retained jurisdiction over defendant's motion for presentence credit under Illinois Supreme Court Rule 472 and (2) defendant was not entitled to representation by counsel for his motion.

¶ 2     Defendant, Shawn Smith, appeals from the Du Page County circuit court's denial of his motion for presentence good behavior credit pursuant to Illinois Supreme Court Rule 472 (eff. Feb. 1, 2024). Defendant argues he was entitled to representation by counsel and asks this court to remand for the appointment of counsel and a new hearing. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On October 22, 2024, defendant was represented by counsel and entered into a negotiated guilty plea wherein he pleaded guilty to drug-induced homicide (720 ILCS 5/9-3.3(a) (West 2022)) in exchange for the State dismissing other charges and a sentence of 12 years' imprisonment with presentence custody credit for 746 days and 18 months' mandatory supervised release. The factual basis provided that Keagan Frasca purchased narcotics from defendant two days before dying from a drug overdose. Defendant admitted to the officers that he sold drugs to Frasca.

¶ 5        On March 6, 2025, defendant filed a *pro se* motion for good behavior credit (730 ILCS 130/3.1 (West 2022)), arguing he was entitled to another 746 days of credit against his sentence for good behavior conduct while in the county jail. Defendant asked the court to correct the sentencing order to reflect a total of 1,492 days of presentence custody credit.

¶ 6        On March 25, 2025, the court held a hearing on defendant's motion. Defendant was not present nor was counsel appointed and present on his behalf. The court denied the motion, finding the appropriate credit was already provided. This appeal followed.

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, defendant argues this court should remand the matter for the appointment of counsel and a new hearing pursuant to Illinois Supreme Court Rule 472 (eff. Feb. 1, 2024). The State argues the circuit court did not have jurisdiction to entertain the motion for good behavior credit because defendant pleaded guilty, the motion was not filed within 30 days of the entry of the guilty plea, and defendant was otherwise ineligible for the credit. The State also argues defendant was not entitled to representation by counsel at a Rule 472 hearing.

¶ 9        We first address the circuit court's jurisdiction, which requires interpretation of Rule 472. Supreme court rules are interpreted using the same principles that govern statutory construction.

*People v. Gorss*, 2022 IL 126464, ¶ 10. When interpreting these rules, we must ascertain and give effect to the drafter's intent. *Id.* This is accomplished by the plain and ordinary meaning of the rule's language. *Id.* Further, "we do not depart from the plain language of the rule by reading into it exceptions, limitations, or conditions that conflict with the expressed intent." *People v. Dominguez*, 2012 IL 111336, ¶ 16. Issues of jurisdiction and the interpretation of supreme court rules are reviewed *de novo*. *People v. Abdullah*, 2019 IL 123492, ¶ 18.

¶ 10        Rule 472 provides, in relevant part, as follows:

"(a) In criminal cases, the circuit court retains jurisdiction to correct the following sentencing errors at any time following judgment and after notice to the parties, including during the pendency of an appeal, on the court's own motion, or on motion of any party:

(1) Errors in the imposition or calculation of fines, fees, assessments, or costs;

(2) Errors in the application of *per diem* credit against fines;

(3) Errors in the calculation of presentence custody credit; and

(4) Clerical errors in the written sentencing order or other part of the record resulting in a discrepancy between the record and the actual judgment of the court." Ill. S. Ct. R. 472 (eff. Feb. 1, 2024).

¶ 11        The clear and unambiguous language provides the circuit court retains jurisdiction to entertain Rule 472 motions alleging a sentencing error in the calculation of presentence custody credit. Ill. S. Ct. R. 472(a)(3) (eff. Feb. 1, 2024). However, the State argues the court did not retain jurisdiction over this matter because (1) defendant entered into a negotiated guilty plea and did not file the requisite postplea motion pursuant to Illinois Supreme Court Rule 604(d) (eff. Apr. 15,

3

2024) and (2) defendant was not eligible for the presentence custody credit for which he sought in his motion. We address each contention in turn.

¶ 12 Although not cited by either party, we find *People v. Wells*, 2024 IL 129402, instructive. In *Wells*, the defendant entered into a negotiated plea agreement that included credit for days spent in custody. *Id.* ¶ 1. The defendant never filed a postplea motion or direct appeal. *Id.* ¶ 9. Months later, the defendant filed a motion titled "Motion for Order *Nunc Pro Tunc*," requesting the court to amend the mittimus to reflect time he spent on GPS monitoring. *Id.* The circuit court denied the motion, finding the defendant was provided the correct credit. *Id.* On appeal, the defendant argued he was entitled to the credit as he did not explicitly agree to waive it by plea. *Id.* ¶ 11. The Fourth District concluded that the defendant received the amount of credit he bargained for and any right to additional credit was waived by the plea. *Id.* Before the supreme court, the State argued the defendant waived his claim because he did not file his motion under Rule 472. The court rejected this argument and concluded the substance of the defendant's motion was "consistent with the remedy available in Rule 472," and therefore, it was not forfeited. *Id.* ¶ 16. As to the merits, the supreme court concluded the defendant waived the right to any additional statutory credit by entering into a negotiated plea agreement that provided for the credit he would receive. *Id.* ¶ 25.

¶ 13 Here, similar to the defendant in *Wells*, defendant requested additional statutory credit, which was consistent with the relief available in Rule 472. Therefore, the court retained jurisdiction to rule on the motion. The rule makes no exclusion or limitation based on whether the defendant pleaded guilty, and we decline to impose such. However, we recognize that the relief available under Rule 472, if any, may vary for each guilty-plea defendant based on the nature and terms of their individual plea agreement. Thus, defendant's claim for presentence custody credit was properly brought under Rule 472 and the court retained jurisdiction to rule on the motion.

4

¶ 14     We likewise reject the State's argument that the court did not retain jurisdiction over defendant's motion because he sought a good behavior credit for which he was ineligible. See 730 ILCS 130/3 (West 2022). The merits of a defendant's request for presentence custody credit has no bearing on the court's jurisdiction. See *Wells*, 2024 IL 129402, ¶¶ 16, 25 (the defendant was not entitled to presentence custody credit due to the nature of his plea agreement but the claim was properly brought pursuant to Rule 472); see also *People v. Houston*, 2025 IL App (5th) 240877-U, ¶ 17 (affirming the denial of a Rule 472 motion seeking presentence custody credit under the good behavior statute because the statute only applied to defendants who were sentenced to a fixed term of confinement in a county jail and the defendant was sentenced to a term of imprisonment).

¶ 15     We next turn to the merits of defendant's argument that he was entitled to representation by counsel for his Rule 472 motion. This issue was already decided by this court in *People v. Knight*, 2023 IL App (3d) 220198, ¶¶ 18-25 (cited with approval by *People v. Barradasferral*, 2025 IL App (4th) 240844-U, ¶ 24), where we held that a defendant does not have a constitutional right to counsel for a Rule 472 motion. This court considered that the guilty plea proceedings where the defendant had a right to counsel concluded and the plain language of Rule 472 conveys no right to counsel. *Id.* ¶¶ 20-21. Further, a Rule 472 motion is a collateral attack of the judgment, and a defendant has no right to counsel in such instances. *Id.* ¶¶ 19-20 (citing *People v. Stoecker*, 2020 IL 124807, ¶ 35 (stating the right to counsel protects defendants from being haled into court and being stripped of their presumption of innocence but defendants on collateral review have already been stripped of the presumption and failed to obtain relief on appellate review)).

¶ 16     Here, defendant asks this court to treat his Rule 472 motion similar to a motion to reconsider, which is a critical stage in criminal proceedings where a defendant has a right to counsel. However, *Knight* rejected this position and noted the differences between the motions:

5

"A motion to reconsider occurs during sentencing in a criminal proceeding and must be filed within 30 days of the date on which sentence is imposed. [Citations.] Where, as here, judgment was entered on an open plea, a motion to reconsider is required to preserve sentencing issues for appellate review. [Citations.] As such, a motion to reconsider sentence is considered a 'critical stage' of the proceedings and the right to counsel attaches. [Citations.]

By contrast, a Rule 472 motion is procedural in nature and can be filed at any time following judgment. [Citation.] The purpose of the rule is to provide a clear mechanism for fixing technical errors and miscalculations in sentencing—specifically, errors in the imposition of fines and fees, *per diem* credits, and presentence custody credit and clerical errors in the sentencing order. See Ill. S. Ct. R. 472(a) (eff. May 17, 2019). A defendant is not required to file a Rule 472 motion in a timely manner to preserve his or her ability to challenge a sentencing credit error; the circuit court retains jurisdiction to correct the error at 'any time' after sentencing. *Id.* Further, parties attempting to raise calculation errors covered by Rule 472 are protected from forfeiture by the rule's automatic remand provision. See Ill. S. Ct. R. 472(e) (eff. May 17, 2019) (where defendant has attempted to raise sentencing credit errors on appeal, 'the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule'). Since Rule 472 does not affect defendant's substantive rights or otherwise limit a party's ability to correct sentencing credit calculations, defendant does not have a right to counsel on remand." *Id.* ¶¶ 23-24.

¶ 17 Defendant argues *Knight* was wrongly decided. First, he argues Rule 472 matters do not merely involve "technical errors and miscalculations" but rather substantial liberty interests. See *id.* ¶ 24. He cites *People v. Inman*, 2014 IL App (5th) 120097, ¶ 34, as an example, which discussed double jeopardy concerns and the calculation method for sentence credit appropriate for consecutive sentences. Defendant fails to elaborate on the relevance here and it is uncompelling as it relates to the issue at bar. Second, defendant contends that providing a right to counsel for these motions promotes judicial economy because defendants are unable to effectively navigate these issues before the circuit court alone, which inevitably creates more appeals. Notwithstanding this argument, we cannot find a right to counsel where it simply does not exist.

¶ 18 Last, defendant argues *Knight*'s approach impedes on separation of powers by interfering with the legislature's exclusive right to create collateral remedies and supreme court rules cannot create causes of action. He contends, "The Rules can expand the jurisdiction of the circuit court to hear motions to reconsider sentence at any time, but they cannot relegate what had been the proper subject of a motion to reconsider sentence to a new type of collateral proceeding not subject to legislative oversight." Defendant fails to further develop this contention or cite any relevant authority to support this claim. Our supreme court has explained that the failure to fully develop an argument or cite relevant authority results in forfeiture. See *Vancura v. Katris*, 238 Ill. 2d 352, 369-70 (2010). Therefore, we conclude this issue is forfeited and we need not consider it.

¶ 19 For the foregoing reasons, we decline to depart from *Knight* and reject defendant's request for a new hearing with appointed counsel. As a final matter, we note defendant does not contend that the court erred in denying his motion, and any such argument would be rejected where defendant waived the right to additional statutory credit by entering into a fully negotiated plea agreement that included a computation of credit. See *Wells*, 2024 IL 129402, ¶ 25.

¶ 20                                    III. CONCLUSION

¶ 21        The judgment of the circuit court of Du Page County is affirmed.

¶ 22        Affirmed.